Edward A. Washecka and Frances Washecka v. Commissioner. Carl W. Schutter and Marie E. Schutter (formerly husband and wife) v. Commissioner.
Washecka v. Commissioner
Docket Nos. 90316, 90337.
United States Tax Court
T.C. Memo 1962-295; 1962 Tax Ct. Memo LEXIS 12; 21 T.C.M. (CCH) 1570; T.C.M. (RIA) 62295; December 18, 1962
Colin C. Macdonald, Jr., Esq., and Henry G. Nagel, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined the following deficiencies in income tax against petitioners: Docket No. 90316 - Washecka
Additions to Tax
I.R.C. 1939
I.R.C. 1954
Sec.
Year
Deficiency
Sec. 293(b)
294(d)(2)
Sec. 6653(b)
1951
$28,063.86
$14,031.93
$1,804.93
1952
24,033.06
12,016.53
1,462.39
1953
33,400.24
16,700.12
2,032.99
1954
22,429.69
1,452.82
$11,214.85
Docket No. 90337 - Schutter
Additions to Tax
I.R.C. 1939
I.R.C. 1954
Sec.
Year
Deficiency
Sec. 293(b)
294(d)(2)
Sec. 6653(b)
1951
$31,817.18
$15,908.59
$1,933.40
1952
57,775.48
28,887.74
3,575.13
1953
70,645.38
35,322.69
4,054.24
1954
41,561.36
2,702.02
$20,780.68
*13 The Washeckas, petitioners in Docket No. 90316, were husband and wife; and the Schutters, petitioners in Docket No. 90337, were husband and wife. During the years in question the male petitioners were partners in a business known as Carl Schutter Manufacturing Company, Schutter owning a two-thirds interest and Washecka a one-third interest therein. No appearance was made at the hearing by or on behalf of any of the petitioners. Accordingly, all the deficiencies, except the additions for fraud, must be approved against them because of their default and for failure of proof. As to the additions for fraud, the Government presented evidence to support the Commissioner's determination. We are satisfied that it has carried its burden of proof in this respect. The evidence shows that each male petitioner was convicted, upon plea of guilty, in the United States District Court for the Eastern District of New York, of violating T. 26, U.S.C., Secs. 3793(b)(1) and 145(b) in assisting in the preparation of false income tax returns for the partnership, and in filing fraudulent income tax returns on behalf of himself and his wife for the years 1951, 1952 and 1953. The evidence further shows *14 a pattern of fraud resulting in unreported sales made by the partnership for cash in the amounts of $10,198.92, $10,381.51, and $516.12 for the years 1951, 1952 and 1953, respectively. Also, the evidence shows a wide variety of expenses recorded in the partnership's books and claimed as deductions on the partnership returns under the following misleading headings: Repairs and Maintenance; Repairs to Government Machinery; Light, Heat, and Power; Labor; Employees' Recreation & Welfare; Travel Expense; Shop & Tool Supplies; Entertainment; and Gifts. In fact substantial amounts charged to these accounts during the taxable years represented personal items, entirely unconnected with the partnership business, such as purchases of electric appliances, carpeting, etc. for petitioners' homes; wages for domestic servants; painting, carpentry, electrical work, grounds maintenance, etc. that were wholly personal; haberdashery and clothes for petitioners; toys for petitioners' children and children of friends; camera and sporting goods supplies; and a number of other expenditures of a personal nature having no connection whatever with the business of the partnership. Those amounts in the aggregate *15 were $6,488.19, $7,301.06, $13,657.23 and $2,504.48 for the years 1951, 1952, 1953, and 1954, respectively. As a consequence of these fraudulent items in the partnership's returns for the years in question, the distributive share of each partner was fraudulently understated in the individual returns of the partners for each of the years in question. Both male petitioners were familiar with the affairs of the partnership and knew of the false character of these items. The evidence as to fraud was strong, and we do not find it necessary to comment further upon it. We hold that the Commissioner has carried his burden of proving fraud, and find as a fact that at least part of the deficiency for each of the taxable years involved against petitioners in both cases before us is due to fraud with intent to evade tax. Decisions will be entered for the respondent.